UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JEFFREY MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>Defendant. | CASE NO. 5:20-cv-01281 |

# COMPLAINT

**NOW COMES** JEFFREY MENDOZA ("Plaintiff"), by and through his undersigned counsel, complaining of ENHANCED RECOVERY COMPANY, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. JEFFREY MENDOZA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in San Antonio, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. ENHANCED RECOVERY COMPANY, LLC ("Defendant") maintains its principal place of business at 8014 Bayberry, Jacksonville, Florida 32256.

8. Defendant is a debt collection agency that collects debts from consumers nationwide.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4156.

14. At all times relevant, Plaintiff's number ending in 4156 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. In June 2020, Plaintiff started to receive phone calls from Defendant to his cellular phone.

17. At no point in time did Plaintiff provide Defendant with his cellular phone number.

18. Initially, Plaintiff ignored Defendant's phone calls as he did not recognize the numbers that Defendant was calling from.

19. In September 2020, Plaintiff finally answered a telephone call from Defendant.

20. Upon answering the telephone call from Defendant, Plaintiff was met by a lengthy period of dead air and was required to say "*hello*" numerous times prior to being connected to a representative.

21. During this phone call, Defendant's representative advised Plaintiff that it was attempting to collect an outstanding cable bill allegedly owed to DirecTV ("subject debt").

22. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

23. Frustrated with Defendant's relentless calls, Plaintiff requested that Defendant cease calls to his cellular phone.

24. Despite Plaintiff's request that Defendant cease its harassing collection calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

25. In total, Defendant has placed at least 40 collection calls to Plaintiff's cellular phone after Plaintiff requested that the harassing collection calls cease.

26. Defendant places its harassing collection calls from various numbers, including (726) 268-1739, (726) 268-1691, and (726) 268-1659.

27. Defendant strategically uses local numbers to place the collection calls to mask its identity and induce Plaintiff to answer its collection calls.

28. To date, Plaintiff has not received any written correspondence from Defendant.

## **DAMAGES**

29. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

31. Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

32. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Defendant placed or caused to be placed no less than 40 non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

36. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

37. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

38. Defendant violated the TCPA by placing no less than 40 harassing phone calls to Plaintiff's cellular phone using an ATDS without his consent.

39. As pled above, Plaintiff never provided his cellular phone number to Defendant and therefore Defendant never had consent to place calls to Plaintiff's cellular phone number.

40. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

41. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

42. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

43. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

    c. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

#### a. Violations of FDCPA §1692c

44. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

45. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

46. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

47. Defendant violated § 1692c(a)(1) when it placed at least 40 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient to Plaintiff.

48. In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

#### b. Violations of FDCPA §1692d

49. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

50.     § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

51.     Defendant violated §§ 1692d and d(5) when it placed at least 40 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to stop.

52.     Defendant's conduct in systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

53.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

54.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

    **c.  Violations of FDCPA §1692g(a)**

55.     15 U.S.C. §1692g(a) requires a debt collector to send the consumer a written notice containing information regarding the debt it is attempting to collect within 5 days of the initial communication with the consumer.

56.     The required disclosures are commonly referred to as the "validation notice."

57.     Defendant violated §1692g(a) by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff in September 2020.

58.     As a result of Defendant's failure to provide Plaintiff with information regarding the subject debt, Plaintiff was deprived of critical information required by the FDCPA.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)

59.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

60.    Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

61.    Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

62.    Defendant's collection calls were made with the intent to harass Plaintiff and designed to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    a.    Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 29, 2020

Respectfully submitted,

**JEFFREY MENDOZA**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com