UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JEFFREY MENDOZA,

   Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

   Defendant.

Case No.: 5:20-cv-01281-XR

**JOINT FED. R. CIV. P. 26 REPORT**

**1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

None.

**2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

All parties have been served.

**3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Plaintiff:** Plaintiff has brought claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 et seq., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 et seq. Specifically, Defendant placed at least 40 collection

calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to stop using an automatic telephone dialing system. Furthermore, Defendant failed to send Plaintiff a validation notice within five days of its initial communication with Plaintiff in September 2020.

**Defendant:**

Defendant denies all liability to the Plaintiff in this matter. ERC did not use an automated telephone dialing system to place any calls to the Plaintiff; ERC used the Human Call Initiator calling system from LiveVox, which was repeatedly held to not be an automated telephone dialing system subject to the TCPA. ERC sent a validation notice as required under the FDCPA on August 12, 2020, within two days of receiving placement of the subject account. Finally, ERC did not place any calls to Plaintiff after receiving a request from him to stop calling.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties can stipulate to the following:

ERC did not use any artificial or pre-recorded voice messages in making calls to Plaintiff.

**5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties do not propose any changes for the requirement for disclosures. The parties agree to exchange initial disclosures by July 13, 2021.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

Plaintiffs anticipate discovery on the following subjects: (1) the alleged debt(s) Defendant was attempting to collect from Plaintiff; (2) collection phone calls placed by Defendant to Plaintiff's cellular phones; (3) the systems employed by Defendant to place the collection calls; (4) whether Defendant had consent to place collection calls to Plaintiff's cellular phones; (5) whether Defendant placed calls to Plaintiff's cellular phones utilizing a prerecorded or artificial voice; and (6) whether Defendant sent Plaintiff any written communications.

Discovery should be completed by September 22, 2021.

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties agree that .pdf will be the default format for production of all documents, where applicable, unless native format is requested and it possible to produce the documents in native form.

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The Parties do not anticipate any issues regarding privilege or protective orders at this time. If needed, the parties will seek an order under Federal Rule of Evidence 502 with the Court.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

The parties do not propose any changes.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

**6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

The parties held an initial discussion regarding the merits. The parties have not conducted any discovery. Full discovery of all relevant documents and information remains. The parties have elected to not conduct discovery in phases.

**7. What, if any, discovery disputes exist?**

None at this time. The parties do not anticipate any discovery disputes.

**8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have not discussed the filing of a proposed order pursuant to Federal Rule of Evidence 502 at this time.

**9. Have the parties discussed mediation?**

The parties have discussed mediation and believe mediation would be most productive after the parties are able to complete written discovery from one another and relevant third parties.

Dated: June 22, 2021

Respectfully submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8180
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

*/s/ Richard D. Rivera*
SMITH, GAMBRELL & RUSSELL, LLP
Scott S. Gallagher
Florida Bar No. 0371970
Email: ssgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 0108251
Email: rrivera@sgrlaw.com
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: (904) 598-6111

## **CERTIFICATE OF SERVICE**

      I, Mohammed O. Badwan, an attorney, certify that on June 22, 2021, the foregoing document was filed electronically using the Court's CM/ECF system, which will accomplish service on all counsel of record.

                                              /s/ *Mohammed O. Badwan*